IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MICHAEL PERRY                                                                                      PLAINTIFF

v.                              Civil No. 4:07-cv-04013

JERRY T. CRANE, Sheriff,
Hempstead County, Arkansas;
LOUISE PHILLIPS, Administrator,
Hempstead County Detention
Facility; LT MIKE GRAY, Hempstead
County Detention Facility; SGT SIMEON
AMES, Hempstead County Detention
Facility; SHAWN GARLAND, Hempstead
County Detention Facility; and
NURSE LORI JONES                                                                             DEFENDANTS

## **ORDER**

Before the court is the plaintiff's motion to for a court order directing the detention center to provide him with "writ paper" (Doc. 5) and his motion to amend the complaint (Doc. 8). Also before the court is the plaintiff's request contained in his addendum to amend his complaint to assert a claim that his legal mail has been opened outside of his presence.

The motion for a court order directing the detention center to provide the plaintiff with "writ paper" (Doc. 5) is denied. The court ordinarily does not become involved in determining what supplies detention centers must provide to indigent inmates. Plaintiff has asserted in this case that excessive force has been used against him and that he has been denied adequate medical care. There is no pending claim that plaintiff has been denied access to the courts because he does not have access to writing paper and cannot afford to buy it at the commissary. If the plaintiff contends he is being denied access to the courts because he does not have access to writing paper, he may, of course, file a federal civil rights action asserting this claim after he exhausts his administrative remedies by filing an inmate complaint or grievance at the detention center.

Plaintiff's motion to amend the complaint to see if he can add another unnamed plaintiff to this lawsuit is denied (Doc. 8). Perry maintains the proposed plaintiff was also jumped by Sgt. Ames and sprayed with mace.

The Prison Litigation Reform Act (PLRA), among other things, amended the *in forma pauperis* (IFP) statute, to require the court to determine whether each plaintiff who is a prisoner is eligible for *in forma pauperis* status. *See* 28 U.S.C. § 1915. If the plaintiff is eligible for IFP status, the court must access and collect the full filing fee. *See* 28 U.S.C. § 1915(b)(1). The collection mechanism is set forth in the statute and allows the prisoner to pay the filing fee through an installment payment method. *See* 28 U.S.C. § 1915(b)(1). Only one filing fee may be collected in each case. *See* 28 U.S.C. § (b)(1)(3). A prisoner who has filed three frivolous lawsuits, unless the prisoner is under imminent danger of serious physical injury, is not entitled to file IFP and must pay the full filing fee. *See* 28 U.S.C. § 1915(g).

Because the PLRA requires each prisoner plaintiff to pay the full filing fee, Perry's motion to add another unnamed plaintiff to this lawsuit is denied. *See e.g., Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001)("With regard to both the initial filing fee and the appellate filing fee, the district court property applied the clear language of the PLRA to require that each prisoner pay the full amount of the filing fees.").

Finally, plaintiff's motion, made in his addendum (Doc. 7), to amend his complaint to add a claim that Sgt. Ames opened his legal mail outside of his presence is granted. The addendum is considered the plaintiff's supplemental or amended complaint and he will not be required to file a separate amended complaint.

IT IS SO ORDERED this 16th day of May 2007.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE