IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MICHAEL PERRY                                                                                                      PLAINTIFF

v.                           Civil No. 4:07-cv-04013

JERRY T. CRANE, Sheriff,
Hempstead County, Arkansas;
LOUISE PHILLIPS, Administrator,
Hempstead County Detention
Facility; LT MIKE GRAY, Hempstead
County Detention Facility; SGT SIMEON
AMES, Hempstead County Detention
Facility; SHAWN GARLAND, Hempstead
County Detention Facility; and
NURSE LORI JONES                                                                                                DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Michael Perry, currently an inmate in the Hempstead County Detention Facility, filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds pro se and in forma pauperis.

The case is before the undersigned for a determination of whether service of process should issue. Because additional information was needed regarding plaintiff's claims, an order was entered directing the plaintiff to complete, sign, and return an addendum to his complaint (Doc. 6). Plaintiff completed and filed the addendum (Doc. 7).

### BACKGROUND

According to the allegations of the complaint and addendum, Perry is incarcerated at the Hempstead County Detention Facility because of pending criminal charges. *See Addendum* at ¶ 1. On December 29, 2006, Perry maintains Lt. Gray falsely accused him of covering the camera in the pod. *See Complaint* at page 4. After Gray locked the door to the shower and Perry's assigned cell,

Perry contends Gray repeatedly sprayed him with mace. *See Complaint* at page 4; *Addendum* at ¶ 2. Perry contends Gray used a whole can of mace. *See Addendum* at ¶ 2. Perry indicates he suffered injuries to his eyes, ears, back, neck, and nose. *Id.* Perry states he is still recovering from his injures. *Id.* Perry contends Nurse Lori Jones denied him medical care for his injuries. *See Complaint* at page 5; *Addendum* at ¶ 4.

On January 6, 2007, Perry alleges Sgt. Ames and three Hope police officers came to his assigned pod. *See Complaint* at page 5. The officers came to his pod because he was pushing the intercom button repeatedly because he needed something and no security checks were being made due to a staff shortage on the shift. *See Addendum* at ¶ 5. Perry alleges his actions made the pod control deputy Shawn Garland angry. *Id.* Perry indicates it is Garland who called Ames and the officers from the Hope Police Department. *Id.* at ¶ 9. Perry maintains Garland failed to tell Ames that Perry had been pushing the intercom because he needed something. *Id.*

According to Perry, Ames directed Garland to open the pod door. *See Complaint* at page 5. Once the door was open, Perry alleges Ames came into the pod spraying him with mace, choking him around the neck, pushing him into the wall, pushing his head into the pod telephone, and then took him to a holding cell and cuffed his legs to a bench and his hands through his legs. *See Addendum* at ¶ 6. Once he was cuffed, Perry contends Ames continued to spray him with mace. *Id.*

Perry alleges he suffered damage to his face, nose, scalp, eyes, and vision. *See Complaint* at page 6. Although Perry was seen by Nurse Jones, he alleges he was told that there was nothing she could do for him. *See Addendum* at ¶ 8.

Louise Phillips is named as a defendant solely because she is jail administrator. *See Addendum* at ¶ 10. Jerry Crane is named as a defendant solely because he is the sheriff. *Id.* at ¶ 11.

After he filed the complaint, Perry submitted a letter to the court in which he alleges Ames intentionally opened his legal mail on February 16, 2007. *See Addendum* at ¶ 12. The letter was from the court and contained a copy of the complaint, application to proceed IFP, etc. *Id.* at ¶ 12(A). Perry submitted an inmate complaint form about his mail being opened and has received an answer. *Id.* at ¶ 12(D).

## DISCUSSION

Perry's claims against Louise Phillips and Sheriff Crane are subject to dismissal. Perry seeks to hold Phillips and Crane liable merely because they have supervisory authority over the other defendants. A supervisor cannot be held liable on the theory of respondeat superior. *See Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). Here, Perry has not alleged any conduct or inaction on Phillip's or Crane's part was the cause of, or contributed to, the alleged constitutional violations. *See e.g., Andrews v. Fowler*, 98 F.3d 1069, 1078 (8th Cir.1996)("[A] supervisor may be held individually liable under § 1983 if he directly participates in a constitutional violation or if a failure to properly supervise and train the offending employee caused a deprivation of constitutional rights.") (*citing Tilson v. Forrest City Police Dep't*, 28 F.3d 802, 806 (8th Cir. 1994)). *See also Mark v. Nix*, 983 F.2d 138, 139-40 (8th Cir. 1993)(section 1983 liability requires some personal involvement or responsibility). The claims against Phillips and Crane are insufficient as a matter of law.

## CONCLUSION

I recommend that Perry's claims against Louise Phillips and Sheriff Crane be dismissed as the claims are frivolous and fail to state claims upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)- (iii) (in forma pauperis action may be dismissed on such grounds at any time). By separate order, I will direct service on the remaining defendants.

**Perry has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Perry is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 16th day of May 2007.

                                                    /s/ Barry A. Bryant
                                                    HON. BARRY A. BRYANT
                                                    UNITED STATES MAGISTRATE JUDGE