IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


MICHAEL PERRY                                                                PLAINTIFF


V.                                    CASE NO. 07-CV-4013


LT. MIKE GRAY,
Hempstead County Detention Facility                                         DEFENDANT


## ORDER

Before the Court is the Report and Recommendation filed May 11, 2009, by the Honorable

Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas.  (Doc. 82).

Judge Bryant recommends that judgment be entered in Defendant's favor and that the complaint be

dismissed with prejudice.  Plaintiff Perry has responded with timely objections.  (Doc 83).  After

reviewing the record *de novo*, the Court adopts Judge Bryant's Report and Recommendation as its

own.

Plaintiff complained that Defendant violated his civil rights by using excessive force against

him.  Specifically, Plaintiff maintained that Defendant violated his rights when he utilized pepper

spray against him and left him in his cell without allowing him to shower or clean off the spray.

Judge Bryant found that Plaintiff failed to prove by a preponderance of the evidence that Defendant

used excessive force against him in utilizing the pepper spray.  Judge Bryant further found that

Defendant reasonably viewed Plaintiff as recalcitrant or threatening when Plaintiff jumped up from

the table when Defendant entered Plaintiff's pod.  *See Treats v. Morgan*, 308 F.3d 868, 873-74 (8th

Cir. 2002).   Thus, Defendant was reasonable in using some amount of force to gain control of Plaintiff.  *See Johnson v. Blaukat*, 453 F.3d 1108, 1113 (8th Cir. 2006); *Jones v. Shields*, 207 F.3d 491, 496 (8th Cir. 2000).  Moreover, Plaintiff was allowed to shower shortly after being sprayed with pepper spray.[1]

In his objections to the Report and Recommendation, Plaintiff states that he has proven that his rights were violated and that Defendant sprayed him with pepper spray for no reason.   Plaintiff further states that one witness stated that Plaintiff was merely sitting at the table when Defendant entered the pod.   However, there are other witnesses who stated that Plaintiff jumped up from the table with a towel wrapped around his face.  The Court must determine the credibility of witnesses' testimony.  Here, the Court is not convinced that Planitiff has proven that his rights were violated. Accordingly, for reasons stated herein and above, as well as those contained in Judge Bryant's Report and Recommendation (Doc. 82), Plaintiff's claims against Defendant are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 4th day of August, 2009.

/s/ Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge

---

[1]The testimony at the hearing established that approximately twenty minutes lapsed before Plaintiff was allowed to shower.  This lapse was caused by a shift change at the prison. As soon as the shift changed, Plaintiff was allowed to shower.